```
                    UNITED STATES BANKRUPTCY COURT
                    FOR THE DISTRICT OF NEW MEXICO

In re:
JAMES W. FRANKLIN,
      Debtor.                              No. 7-98-10968 SA

CORALIE FRANKLIN McGUIRE,
      Plaintiff,
v.                                         Adv. No. 07-1143 S

JAMES FRANKLIN,
LARGO CONCRETE, INC.,
GE CAPITAL MORTGAGE SERVICES, INC.,
NEW MEXICO TAXATION AND REVENUE DEPT.,
INTERNAL REVENUE SERVICE,
FORM-EZE NORTH AMERICA, INC.
EL PASO COUNTY TREASURER,
FORM-EZE SYSTEMS, and
PUCCINI & MEAGLE, PA,
      Defendants.
```

**MEMORANDUM OPINION IN SUPPORT OF ORDER
DENYING MOTION FOR SUMMARY JUDGMENT
AND SETTING STATUS CONFERENCE ON COMPLAINT**

Plaintiff's Motion for Summary Judgment (doc 70) and Plaintiff's Brief in Support of Motion for Summary Judgment (doc 71) have come before the Court for a decision. For the reasons set forth below, the Court denies the motion and sets a status conference to determine what if any further action to take at this time in this adversary proceeding.

Plaintiff filed virtually the same motion for summary judgment and supporting brief early in this adversary proceeding. Docs 11 and 12. That motion was denied by the Court (the Honorable Mark B. McFeeley, who has since retired and transferred this case to the undersigned judge), on the grounds that that first motion for summary judgment was based on Plaintiff's Motion

to Strike Answers (doc 20) and Motion for Determination of Answer to Fairly Meet the Substance of the Averments (doc 9), both of which motions were denied by the Court. Doc 55. The only difference between the two briefs is that the more recent one adds a page and half section at the end titled "The Averments are Taken as True". Doc 71, at 8-9. No additional facts are supplied in the second brief, only argument that was essentially available to the Court when it considered the first motion for summary judgment. That is, Plaintiff argues in his second brief that "the answering Defendants have neither responded to the specific allegations of the Complaint[1] nor have they admitted or denied the Counts." Doc 71, at 8. Thus, this section adds nothing to what was in effect presented to the Court in the first brief.[2] Therefore this Court must deny the second motion for summary judgment.

An additional reason for denying the second motion (and the first, for that matter) arises from the complaint and the motion. The complaint alleges that the claims of remaining defendants[3]

---

[1] For what it is worth, the complaint (doc 1) was amended to clarify the caption (docs 53 and 56). No substantive change was made to the complaint.

[2] Indeed, the contents of both briefs are for the most part simply a repeat of the complaint.

[3] Plaintiff has dismissed the New Mexico Department of Taxation and Revenue (doc 33) and the [United States Department of the Treasury] Internal Revenue Service (doc 34). Puccini &
(continued...)

James Franklin, Form-Eze Systems, and Form-Eze North America, Inc. should be subordinated pursuant to §510(b)[4] to the claim of Plaintiff on the grounds that the two Form-Eze entities are insiders of the Debtor, doc 1 at ¶¶9, 12 and 14, and that Debtor (not the insiders) committed fraud on the domestic relations court in the marriage dissolution action pending in the Second Judicial District Court, Bernalillo County, New Mexico. Doc 1 at ¶¶13 and 14.[5] However, a finding of fraud by Debtor is not automatically attributed to the insider corporations, so that there is no claim that the insider corporations as such committed any fraud. See Sender v. The Bronze Group, Ltd. In re Hedged-Investments Associates, Inc.), 380 F.3d 1292 (10th Cir. 2004):

> In United States v. Noland, the Supreme Court held that Congress's failure to include specific criteria for equitable subordination in the language of the

---

[3](...continued) Meagle, P.C. disclaimed any interest in or against the estate. Doc 5. Although Plaintiff has obtained the entry of default against Largo Concrete and GE Capital Mortgage Services, Inc., doc 32, she now asserts in her complaint (doc 1 at ¶8) and brief (doc 71 at ¶8) that those claims have been paid by the sale of the properties that secured their repayment. She asserts the same concerning the claim of the El Paso County Treasurer. Id. Other than the disposition of the claims of the taxing authorities and Puccini & Meagle, the brief presents no evidence of whether the assertions about the claims of the other defendants are true, and the Court makes no ruling on those assertions.

[4] Sic; should be §510(c).

[5] The complaint states that the state court judge made a finding of fraud and issued an order to remedy that problem in the marriage dissolution action. Doc 1 at ¶3.

Case 07-01143-s    Doc 72    Filed 04/06/11    Entered 04/06/11 15:35:21 Page 3 of 5

> statute, and the provision's reference to "principles of equitable subordination," "clearly indicates congressional intent at least to start with existing doctrine" that had developed prior to the statute's revision in 1978. 517 U.S. 535, 539, 116 S.Ct. 1524, 134 L.Ed.2d 748 (1996). In a case decided in 1977, the Fifth Circuit announced what has now become the standard formulation of the common law of equitable subordination. Benjamin v. Diamond (In re Mobile Steel), recognized by the Noland Court as the leading Circuit case on the subject, listed three requirements that must be met for a court to exercise its equitable subordination power: (1) "inequitable conduct" on the part of the claimant sought to be subordinated; (2) injury to the other creditors of the bankrupt or unfair advantage for the claimant resulting from the claimant's conduct; and (3) consistency with the provisions of the Bankruptcy Code. 563 F.2d 692, 699-700 (5th Cir.1977).
>
> Our Circuit adopted the Mobile Steel standard in Sloan v. Zions First Nat'l Bank (In re Castletons, Inc.), placing special emphasis on the inequitable conduct prong: " The critical inquiry is whether there has been inequitable conduct on the part of the party whose debt is sought to be subordinated." 990 F.2d 551, 559 (10th Cir.1993) (emphasis added) (internal quotation marks omitted).

Id. at 1300 (lender to thinly capitalized corporation would not have its claim subordinated; insufficient showing of "inequitable conduct" on the part of the lender). As noted, Plaintiff does not even argue that the insider corporations have engaged in fraud or other inequitable conduct, nor injured other creditors as a result.[6] And of course the mere status of being an insider is not a sufficient basis for subordinating a claim.

---

[6] Of course, Debtor is "automatically subordinated" to any claims of any creditor. §726(a)(6) (debtor is in sixth and last place in priority of payments, after all other claims of every sort are paid).

Page 4 of 5

For the foregoing reasons, the Court will enter an order denying the (second) Plaintiff's Motion for Summary Judgment (doc 70), and set a status conference to chart the future of this adversary proceeding.

/s/ James S. Starzynski
James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: April 6, 2011

COPY TO:

Shay E Meagle
1903 Wyoming Blvd. NE Ste. B
Albuquerque, NM 87112-2860

Louis Puccini, Jr
Puccini Law, P.A.
PO Box 50700
Albuquerque, NM 87181-0700

Steven Tal Young
20 First Plaza, NW
Suite 500
Albuquerque, NM 87102

James C Jacobsen
111 Lomas NW Ste 300
Albuquerque, NM 87102-2368